IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIDIA HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | 05 C 5963 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| HOME DEPOT, U.S.A., INC., a Delaware ) | |
| corporation and HD DEVELOPMENT OF ) | |
| MARYLAND, INC., an Illinois corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

When two corporations have identical names (which include a confusing geographic reference) but are incorporated in different states, chaos ensues. Plaintiff Lidia Hernandez has sued Home Depot USA, Inc. ("Home Depot") and HD Development of Maryland, Inc., an Illinois corporation, for negligence in the Circuit Court of Cook County, Illinois. Home Depot removed the action to federal court based on fraudulent joinder of a non-diverse party because, it argues, Hernandez improperly sued HD Development of Maryland, Inc., an Illinois corporation. The confusion arises from the fact that Home Depot, subsequent to the incident in question, conveyed the property to HD Development of Maryland, Inc., a Maryland corporation. For the sake of clarity, the Court will refer to the Illinois corporation as "HD Development of Illinois" and the Maryland corporation as "HD Development of Maryland." Hernandez now moves to remand the case to state court. For the reasons provided in this Memorandum Opinion and Order, the Court denies the motion.

## FACTS

On September 14, 2003, Hernandez alleges she was an invitee and lawfully upon the parking lot of a Home Depot store at 1919 N. Cicero, Chicago, Cook County, Illinois. (Compl. ¶ 1.) While on the premises, she fell, which caused her severe and permanent injuries, great pain and suffering, medical and other expenses. (*Id.*) Hernandez alleges that her fall was due to the negligence of the defendants, as owners of the premises, in permitting the parking lot to remain or fall into a dangerous and unsafe condition. (*Id.* ¶ 2.) She sued Home Depot and HD Development of Illinois in the Circuit Court of Cook County, Illinois and alleged that they "owned, maintained, leased, operated, or controlled" the premises at all relevant times related to the incident. (*Id.* ¶ 1.)

Subsequently, Home Depot removed the action to this court based on diversity jurisdiction, relying on 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal ¶ 1.) Home Depot argues complete diversity exists because HD Development of Illinois was fraudulently joined and that the amount in controversy exceeds $75,000.00. (*Id.* ¶¶ 1-2.) While Hernandez does not contest the amount in controversy, she maintains that HD Development of Illinois is a proper party to the action because Home Depot did not provide any proof that it was not. (Mot. Remand ¶ 2.) Unfortunately for Hernandez, Home Depot did precisely that in responding to her motion to remand. (Def.'s Resp. Opp'n Pl.'s Mot. Remand, Ex. A, Soloway Aff. ¶ 11; *id.*, Ex. A [sic], General Warranty Deed; *id.*, Ex. B, Trustee's Deed; *id.*, Ex. C, Warranty Deed.) Hernandez failed to reply to Home Depot's response.

## DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove a case from state court to federal court where the district courts have original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction when the matter in controversy exceeds $75,000.00 and is between the citizens of different states. 28 U.S.C. § 1332(a)(1). The party seeking removal, not the party moving to remand, has the burden of establishing that the court has jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). If the federal court subsequently determines that it does not have subject matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

To remove a case from state to federal court, all defendants must give their consent unless the defendant not consenting was fraudulently joined. *See Darras v. Trans World Airlines, Inc.*, 617 F. Supp. 1068, 1069 (N.D. Ill. 1985). In this case, HD Development of Illinois did not consent to removal and Home Depot argues that HD Development of Illinois was fraudulently joined.

Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against non-diverse defendants in state court or where there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994). While, when claiming fraudulent joinder, a party has a heavy burden, this burden can be met when the defendant offers evidence which proves to a reasonable probability that federal jurisdiction exists. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). The court may consider depositions and affidavits in determining whether a party has been fraudulently joined. *CC Indus., Inc. v. ING/Reliastar Life Ins. Co.*, 266 F. Supp. 2d 813, 815-16 (N.D. Ill. 2003).

3

In *Faucett v. Ingersoll-Rand Mining & Machinery Co.*, the plaintiff sued Ingersoll-Rand as well as a repairman, who was an Illinois resident, in state court after the plaintiff slipped and hurt his back while entering the passenger compartment of a roof-bolter manufactured by Ingersoll-Rand. 960 F.2d 653, 654 (7th Cir. 1992). Ingersoll-Rand removed the case to federal court based on diversity jurisdiction arguing that the plaintiff had fraudulently joined the repairman solely to defeat diversity jurisdiction. *Id.* The *Faucett* court held that the repairman's uncontradicted affidavit in which he stated that he had nothing to do with the roof-bolters in question was sufficient to establish fraudulent joinder and that the district court correctly asserted jurisdiction over the case. *Id.* at 655.

In the instant case, Home Depot has provided substantial and, as in *Faucett*, uncontested evidence to show that the plaintiff cannot state a cause of action against HD Development of Illinois. To sustain a cause of action for negligence in Illinois, the plaintiff must establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury caused by that breach. *McLean v. Rockford Country Club*, 810 N.E.2d 403, 407 (Ill. App. Ct. 2004). Home Depot, through affidavits and exhibits, has established that HD Development of Illinois never owned, possessed, operated, controlled, or maintained the property on which plaintiff was injured and thus can owe no duty to the plaintiff. (Def.'s Resp. Opp'n Pl.'s Mot. Remand, Ex. A1,[1] Soloway Aff. ¶ 11; *id.*, Ex. A2, General Warranty Deed; *id.*, Ex. B, Trustee's Deed; *id.*, Ex. C, Warranty Deed.)

In sum, Home Depot has met its heavy burden of establishing fraudulent joinder. Because it is undisputed that HD Development of Illinois has never had any connection with the

---

[1]Home Depot (quite ironically, in this Court's view) labeled two of its exhibits with the identical name, "Ex. A." For the sake of clarity, the Court refers to them as Ex. A1 and Ex. A2.

property in question, there is no possibility that plaintiff can state a cause of action for negligence against it. Accordingly, HD Development of Illinois can be disregarded by this Court for purposes of determining diversity jurisdiction. The Court denies Hernandez's motion to remand, but it grants her ten days to amend the complaint.

## CONCLUSION

For the reasons set forth above, the Court denies Hernandez's motion to remand this case to the Circuit Court of Cook County [doc. no. 8-1]. However, the Court grants her leave to file an Amended Complaint within ten days of the date of this Memorandum Opinion and Order.

**SO ORDERED**       **ENTERED:** JUN - 5 2006

*[signature]*
**HON. RONALD A. GUZMAN**
**United States Judge**