IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIDIA HERNANDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOME DEPOT, U.S.A., a Delaware )<br>Corporation and HD DEVELOPMENT )<br>OF MARYLAND, INC., an Illinois )<br>Corporation, )<br>)<br>Defendants. )<br>)<br>HOME DEPOT, U.S.A., INC., a Delaware )<br>Corporation, )<br>)<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>WEIS BUILDERS, INC. and VERONICA )<br>CONTRACTING, INC., )<br>)<br>Third-Party Defendants. ) | No. 05 C 5963<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lidia Hernandez ("Hernandez") has sued Home Depot, U.S.A., Inc. ("Home Depot") and HD Development of Maryland, Inc.[1] for negligence relating to the injuries she sustained at the Home Depot parking lot located at 1919 North Cicero, Chicago, Illinois. Home Depot has filed an Amended Third-Party Complaint against Weis Builders, Inc. ("Weis") and Veronica Contracting, Inc. ("Veronica") for contribution and breach of contract. Veronica has moved to dismiss Count IV, the breach of contract claim, under Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the Court denies the motions.

---

[1] On June 14, 2006, plaintiff amended her complaint and terminated HD Development of Maryland, Inc. as a defendant.

## Background

On Sept. 14, 2003, Hernandez was injured when she fell in the parking lot of a Home Depot store located at 1919 North Cicero, Chicago, Illinois. (Compl. ¶ 4). Plaintiff alleges that her injuries were caused because Home Depot "negligently, carelessly and improperly cause[d] or permit[ted] a portion of the parking lot to become and remain in a dangerous and unsafe condition." (*Id.* ¶ 3).

Prior to Sept. 14, 2003, Home Depot and Weis entered into a contract to construct the Home Depot store at which Hernandez fell. (Am. Third-Party Compl. ¶ 21.) Weis later subcontracted the asphalt and paving of the store's parking lot to Veronica Contracting. (*Id.* ¶ 24.) In the subcontract, Veronica agreed to be bound by the terms of the contract between Home Depot and Weis. (*Id.* ¶ 25.) Veronica also agreed to procure sufficient liability insurance naming Home Depot as an additional insured. (*Id.*, Count IV ¶ 27.)

On January 24, 2007, Home Depot requested that Veronica provide coverage and defense to Home Depot for the injuries claimed by Hernandez. (*Id.* ¶ 28.) Veronica and its general liability carrier, West Bend Mutual Insurance Co. ("West Bend") then denied Home Depot's request for coverage and defense. (*Id.* ¶ 29.)

First, Veronica contends that Home Depot has not stated a claim because it does not specifically allege that Veronica breached the contract. (Third-Party Def.'s Reply ¶ 3.) Second, Veronica contends that it complied with the contract by procuring insurance from West Bend naming Home Depot as an additional insured and that West Bend independently decided to deny Home Depot's claim. (Third-Party Def.'s Am. Mot. Dismiss ¶ 5.)

## Discussion

In determining whether to grant defendant's motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). However, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. "We view the facts in the complaint in the light most favorable to the non-moving party." *Hentosh v. Herman M. Finch Univ. of Health Scis.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

In Count IV, Home Depot alleges that Veronica breached its contract agreement with Weis by failing to procure sufficient liability insurance. (Am. Third-Party Compl., Count IV ¶ 28.) In doing so, Home Depot apparently seeks to enforce the contract as a third-party beneficiary. A third-party beneficiary of a contract has the rights of a party, meaning it has the power to sue to enforce the contract. *Johnson Bank v. George Korbakes & Co.*, 472 F.3d 439, 441 (7th Cir. 2006). There are two types of third-party beneficiaries under Illinois law: intended and incidental. *Estate of Willis v. Kiferbaum Const. Corp.*, 830 N.E.2d 636, 643 (Ill. App. Ct. 2005). "An intended beneficiary is intended by the parties to the contract to receive a benefit for the performance of the agreement and has rights and may sue under the contract; an incidental beneficiary has no rights and may not sue to enforce them." *Id.* For an intended third-party beneficiary to enforce a contract, the agreement must be undertaken for the third party's direct benefit and the contract must affirmatively make such an intention clear. *155 Harbor Drive Condo. Ass'n v. Harbor Point, Inc.*, 568 N.E.2d 365, 374-75 (Ill. App. Ct. 1991). Furthermore,

in a construction contract, if the terms of a contract are to render a performance directly to the third party, in nearly every case the third party who is to receive performance will be the party intended to be benefited. *Vill. of Fox Lake v. Aetna Cas. & Surety Co.*, 534 N.E.2d 133, 148 (Ill. App. Ct. 1989).

Although neither party raised the issue in their briefs, Home Depot qualifies as a third-party beneficiary of the contract between Weis and Veronica. First, the contract for construction of the parking lot was clearly made for Home Depot's direct benefit. Second, based on the agreement to procure sufficient liability insurance on behalf of Home Depot, it appears that Weis and Veronica intended for Home Depot to receive a benefit from performance of the contract. Thus, because Home Depot is an intended third-party beneficiary, it may sue to enforce the contract.

Veronica offers two different reasons for dismissal of the third-party complaint. First, Veronica contends that Home Depot does not state a claim because it did not specifically allege that Veronica's failure to procure insurance constituted a breach of contract. (Third-Party Def.'s Reply ¶ 5.) Instead, Home Depot only alleged that the contract required Veronica to obtain insurance and that Veronica and its insurance carrier later refused coverage and defense for the personal injury claim. (*Id.*)

The Court finds Veronica's summary of the pleadings accurate but insignificant. To state a breach of contract claim under Illinois law, plaintiff must allege "'(1) the existence of a valid and enforceable contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to plaintiff.'" *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (quoting *Hickox v. Bell*, 552 N.E.2d 1133, 1143 (Ill. App. Ct. 1990)).

4

Home Depot generally alleges these elements in its complaint, thereby properly pleading a cause of action for breach of contract. Although the Third-Party Complaint does not specifically allege that Veronica breached the contract by failing to obtain insurance, this allegation is implied. The Federal Rules of Civil Procedure require only that a claimant provide a "short and plain statement of the claim." Fed. R. Civ. P. 8. "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 352 (7th Cir. 1982). Home Depot has alleged that it "requested that Veronica provide coverage and defense," (Am. Third-Party Compl., Count IV ¶ 28), and "Veronica and [West Bend (the insurer)] refused coverage and defense of Home Depot for the loss claimed by Plaintiff," (*id.* ¶ 29). It may be reasonably inferred from these allegations that Veronica has breached the contract. Home Depot's allegations properly notify Veronica of the breach of contract claim and the grounds upon which it rests. Thus, the Court denies Veronica's motion to dismiss on this basis.

Veronica's second argument in support of dismissal is that it did not breach the contract because it procured and paid for insurance from West Bend and West Bend independently decided to deny the claim. (Third-Party Def.'s Am. Mot. Dismiss ¶ 5.) However, whether or not Veronica obtained insurance consistent with the terms of the contract is an issue of fact not relevant when considering a motion to dismiss. When the court is asked to consider matters outside the pleadings presented, then the motion is treated as a motion for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(c). However, because neither party has had the

opportunity to conduct discovery on the issue of insurance yet, the Court will not entertain a summary judgment motion until after that discovery process has been completed.

### Conclusion

For the reasons set forth above, the Court denies Veronica's motions to dismiss [doc. nos. 89, 94].

**SO ORDERED.**          ENTERED: 8/3/07

*[signature]*
HON. RONALD A. GUZMAN
United States District Judge